UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NURBANU CHARANIA IBRAHIM,
et al.,

      Plaintiffs,

    v.

BARKAT E. CHARANIA, et al.,

      Defendants.

CIVIL ACTION NO.
1:22-CV-03077-JPB

## **ORDER**

This matter comes before the Court on two Motions to Dismiss Nurbanu

Charania Ibrahim and Ali Ibrahim's (collectively, "Plaintiffs") Amended

Complaint.  The first is Maher B. Charania and Rahim B. Charania's Motion to

Dismiss [Doc. 44] and the second is Nazline F. Charania, Nadiya Nizar Damani

and Shirin F. Charania's Motion to Dismiss [Doc. 45].[1]  The Court finds as

follows:

## **BACKGROUND**

On August 4, 2022, Ali Ibrahim ("Ali") filed a complaint (the "Initial

Complaint) on behalf of himself and his mother, Nurbanu Charania Ibrahim

---

[1] The Court refers to the defendants named in this action collectively as "Defendants" and the movants collectively as "Moving Defendants."

("Nurbanu"), as her power of attorney.  [Doc. 1, p. 2].  The Initial Complaint

named eight defendants, all of whom are family members.  Id. at 2–4.  More

specifically, Plaintiffs named Nurbanu's younger brother, Barkat E. Charania

("Barkat");[2] Barkat's wife, Maher B. Charania ("Maher"); and Barkat's son,

Rahim B. Charania ("Rahim").  Id.  Plaintiffs also named the Estate of Nurbanu's

deceased younger brother Firoz E. Charania ("Firoz" or "the Estate of Firoz");

Firoz's widow, Nazline F. Charania ("Nazline"); and Firoz's three children:  Shirin

Charania ("Shirin"), Farid F. Charania ("Farid") and Nadiya Nizar Damani

("Nadiya").  Id.

On September 8, 2023, this Court dismissed Plaintiffs' Initial Complaint as

an impermissible shotgun pleading and granted Plaintiffs leave to file an amended

complaint.  [Doc. 31].  In the same order, the Court provided specific instructions

for any amendment.  Id.  Thereafter, Plaintiffs filed an Amended Complaint on

November 27, 2023, which added six named defendants and several unnamed

_____

[2] On November 22, 2023, Defendants Maher B. Charania and Rahim B. Charania filed a
Suggestion of Death providing notice of Defendant Barkat's death.  [Doc. 35].

defendants:  Mahnaz Charania, Munira Charania, Nizar Damani, Faizal Esmail,

Shelena C. Lalji, Ayeez A. Lalji and John Does 1-20.[3]  [Doc. 41].

In the Amended Complaint, Plaintiffs bring claims for fraud, breach of

fiduciary duty and civil conspiracy.[4]  Id.  Plaintiffs also seek punitive damages,

attorney's fees and litigation expenses.  Id.  The allegations in the Amended

Complaint are summarized as follows.  Plaintiffs allege that Defendants, over a

period of twenty-four years, conspired with one another to steal Nurbanu's share of

the Charania family's wealth.  Id. at 10–11, 53.  According to Plaintiffs, Nurbanu

was to receive five million dollars, which was to be held in trust by her brothers,

Firoz and Barkat.  Id. at 15.  However, Plaintiffs aver that despite Plaintiffs'

repeated demands for Nurbanu's share of the money, Barkat and Firoz invested the

money in businesses and properties and made false assurances about the money.

Id. at 44.

Plaintiffs also assert that Moving Defendants took part in furthering the

conspiracy because they were personally benefitting from the use of Nurbanu's

---

[3]  To date, Plaintiffs have not served Defendants Farid, the Estate of Firoz, Mahnaz
Charania, Munira Charania, Nizar Damani, Faizal Esmail, Shelena C. Lalji and Ayeez A.
Lalji.  These parties have not responded or otherwise appeared in this action.

[4]  In their Amended Complaint, Plaintiffs also bring claims for breach of contract against
Defendants Barkat and Firoz and conversion against Defendant Barkat, however, those
claims are not at issue in the instant Motions to Dismiss.

share of the money.  Id. at 32.  Plaintiffs allege that during a family meeting in

December 2020, Defendants Barkat and Firoz made false statements and

assurances to Plaintiffs regarding Nurbanu's share of the family money while in

the presence of Moving Defendants.  Id. at 29–30, 37.  More specifically, Barkat

and Firoz told Plaintiffs that Nurbanu's share of the money was tied up in

investments and that there was nothing to worry about.  Id. at 28.  However,

according to Plaintiffs, Defendants were using Nurbanu's share of the money for

their own benefit, placing assets in their own name and using the assets as

collateral on loans to benefit other family members.  Id. at 51–52.  Plaintiffs state

that Moving Defendants failed to disclose the falsity of those statements to

Plaintiffs, which amounted to fraud.  Id. at 28–29.  Further, Plaintiffs contend that

they justifiably relied on the false statements because of their "close familial

relationship that [was] confidential in nature."  [Doc. 41, p. 32].

On December 19, 2023, and December 20, 2023, Moving Defendants filed

separate Motions to Dismiss Plaintiffs' Amended Complaint.  [Doc. 44]; [Doc. 45].

In their Motions, Moving Defendants argue that the Amended Complaint should be

dismissed because Plaintiffs fail to state a claim, the claims against Moving

Defendants are barred by the applicable statutes of limitations and Plaintiff Ali is

an improper plaintiff because he is not a real party in interest.  See [Doc. 44]; [Doc.

45].  Defendants' Motions are now ripe for review.

**ANALYSIS**

**A.      MOVING DEFENDANTS**

Moving Defendants argue that Plaintiffs' claims against them should be

dismissed for failure to state a claim, among other reasons.  "At the motion to

dismiss stage, all well-pleaded facts are accepted as true, and the reasonable

inferences therefrom are construed in the light most favorable to the

plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir.

1999).  In determining whether this action should be dismissed for failure to state a

claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must

contain "a short and plain statement of the claim showing that the pleader is

entitled to relief."  Although detailed factual allegations are not necessarily

required, the pleading must contain more than "'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action.'"  Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007)).  Importantly, "a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting

Twombly, 550 U.S. at 570).

Further, Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." To meet this pleading standard, "a [complainant] must allege: '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [complainant]; and (4) what the [respondent] gained by the alleged fraud.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380–81 (11th Cir. 1997)). This heightened pleading requirement serves an important purpose: to "provide the defendants with sufficient notice of the acts of which [the plaintiffs] complain[] to enable them to frame a response, prevent fishing expeditions to uncover imagined wrongs, and protect defendants from unfounded accusations of immoral and otherwise wrongful conduct." U.S. ex rel. Clausen v. Lab'y Corp. of Am., 198 F.R.D. 560, 562 (N.D. Ga. 2000), aff'd, 290 F.3d 1301 (11th Cir. 2002).

Plaintiffs bring fraud, breach of fiduciary duty and civil conspiracy claims against Moving Defendants. [Doc. 41]. Plaintiffs also bring claims for punitive damages, attorney's fees and litigation expenses. Id. The Court analyzes these claims in turn.

6

## 1.  Fraud

The Court first analyzes Plaintiffs' fraud claims.  To state a claim for fraud under Georgia law, a Plaintiff must allege:  (1) false representation by a defendant; (2) scienter; (3) intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damages.  Fowler v. Overby, 478 S.E.2d 919, 920–21 (Ga. Ct. App. 1996).  Where a fraud claim is based on a defendant's silence or omission, the plaintiff must demonstrate that a confidential relationship existed at the time of the omission.  See O.C.G.A. § 23-2-53; see also Monroe v. Bd. of Regents of Univ. Sys. of Ga., 602 S.E.2d 219, 222 (Ga. Ct. App. 2004) ("[I]t is well settled that '[t]he party asserting the existence of a confidential relationship has the burden of establishing its existence.'" (quoting Canales v. Wilson Southland Ins. Agency, 583 S.E.2d 203, 205 (Ga. Ct. App. 2003))).  Significant here, a confidential relationship that gives rise to a duty to disclose material facts is not presumed between families or close friends.  See Hancock v. Hancock, 156 S.E.2d 354, 357 (Ga. 1967) (discussing Crawford v. Crawford, 67 S.E. 673, 675 (Ga. 1910) (finding no confidential relationship exists based on the mere fact that the plaintiff and the defendant are brothers)); see also Harish v. Raj, 474 S.E.2d 624, 626 (Ga. Ct. App. 1996) (finding no confidential relationship exists where the parties grew up together and were close friends).  In other words,

the existence of a close relationship between individuals alone is not enough to

establish the existence of a confidential relationship.  See Harish, 474 S.E.2d at

626.

Here, Plaintiffs allege that Defendants Barkat and Firoz made false

statements about Nurbanu's money to Plaintiffs in the presence of Moving

Defendants and that Moving Defendants' silence as to the falsity of the statements

amounted to fraud.  According to Plaintiffs, they justifiably relied on these

statements based on their "close familial relationship which was confidential in

nature."  Plaintiffs, however, fail to allege any other facts to support their vague

and conclusory allegation that a confidential relationship existed.  Id.  Because

Plaintiffs have not adequately alleged the existence of a confidential relationship

with Moving Defendants, Plaintiffs fraud claims against Moving Defendants based

on silence or omission must be dismissed.[5]

---

[5]  In addition to dismissing the fraud claims against Moving Defendants, the Court also
dismisses the fraud claims as to all defendants.  Although several of the defendants have
not been served and have not moved for dismissal, dismissal is nevertheless appropriate
because the non-moving defendants are similarly situated to Moving Defendants.
Importantly, Plaintiffs have already had an opportunity to respond to any arguments
raised in the Motion to Dismiss and the fraud claim fails against the non-moving
defendants for the same reasons it fails against Moving Defendants.  See Courboin v.
Scott, 596 F. App'x 729, 735 (11th Cir. 2014) (holding that dismissal of non-moving
defendants was not unfair because the non-moving defendants were similarly situated to
the moving defendants and the opposing party had an opportunity to respond to the issues
raised by the moving defendants); Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th

## 2. Breach of Fiduciary Duty

The Court next analyzes Plaintiffs' breach of fiduciary duty claim.  To state a claim for breach of fiduciary duty under Georgia law, a plaintiff must show:  "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach."  Ewing v. Scott, 883 S.E.2d 410, 415 (Ga. Ct. App. 2023).  A fiduciary duty exists "where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another[,]" or where the duty is imposed by "a similar relationship of mutual confidence." O.C.G.A. § 23-2-58.  Further, a fiduciary duty must be proven by the party asserting its existence. Crawford v. Crawford, 67 S.E. 673, 675 (Ga. 1910).

At the outset, the Court finds that Plaintiffs fail to meet the first element of their claim: the existence of a fiduciary duty.  Like confidential relationships, a fiduciary relationship is not presumed between family or close, personal friends. See Harish, 474 S.E.2d at 626 (Ga Ct. App. 1996).  This Court previously found that Plaintiffs failed to establish the existence of a confidential relationship because they failed to assert any facts beyond their "close familial relationship" with Moving Defendants.  For the same reasons discussed above, Plaintiffs have also

---

Cir. 2011) ("A district court may on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

failed to sufficiently allege the existence of a fiduciary relationship.  Because

Plaintiffs fail to allege sufficient facts to establish this essential element of their

breach of fiduciary duty claim, that claim is likewise due to be dismissed.[6]

### 3.  Civil Conspiracy

Finally, the Court analyzes whether Plaintiffs have successfully stated a

claim for civil conspiracy against Moving Defendants.  "To recover damages for a

civil conspiracy claim, a plaintiff must show that two or more persons, acting in

concert, engaged in conduct that constitutes a tort.  Absent the underlying tort,

there can be no liability for civil conspiracy."  Elliott v. Savannah Int'l Motors,

Inc., 861 S.E.2d 137, 141 (Ga. Ct. App. 2021).

Here, the other claims brought against Moving Defendants have been

dismissed as discussed above.  Therefore, because Plaintiff's civil conspiracy

claim against Moving Defendants cannot stand alone, the claim must be

dismissed.[7]  See Dyer v. Honea, 557 S.E.2d 20, 25 (Ga. Ct. App. 2001) (dismissing

---

[6] In addition to dismissing the breach of fiduciary claim against Moving Defendants, the Court also dismisses this claim as to all defendants.  Like the fraud claim, the Court finds that the non-moving defendants are similarly situated to Moving Defendants with respect to the breach of fiduciary duty claim and Plaintiffs have had an opportunity to respond to Moving Defendants' arguments regarding dismissal of the claim.  Courboin, 596 F. App'x at 735 (11th Cir. 2014); Tazoe, 631 F.3d at 1336 (11th Cir. 2011).

[7] The Court notes that the civil conspiracy claim is dismissed as to all defendants except Defendants Barkat and Firoz, who are addressed below.

a conspiracy claim where the underlying fraud claim failed).  Likewise, because

there are no remaining causes of action against Moving Defendants, Plaintiffs'

claims for punitive damages, attorney's fees and litigation expenses against

Moving Defendants must also be dismissed.  See Davis v. Johnson, 634 S.E.2d

108, 110 (Ga. Ct. App. 2006) ("[A]ttorney['s] fees and expenses of litigation under

OCGA § 13-6-11 . . . are ancillary and recoverable only where other elements of

damage are recoverable on the underlying claim." (quoting Freeman v. Wheeler,

627 S.E.2d 86, 90 (Ga. Ct. App. 2006))).

## B.     REMAINING DEFENDANTS

The Court next addresses Plaintiffs' claims regarding the remaining

defendants, Barkat and the Estate of Firoz.  Plaintiffs bring a breach of contract

claim against Barkat and the Estate of Firoz and a conversion claim against Barkat

only.  As previously noted, a Suggestion of Death as to Defendant Barkat was filed

on November 22, 2023.  [Doc. 35].  According to Federal Rule of Civil Procedure

25(a)(1),

> [i]f a party dies and the claim is not extinguished, the court may
> order substitution of the proper party.  A motion for substitution
> may be made by any party or by the decedent's successor or
> representative.  If the motion is not made within 90 days after
> service of a statement noting the death, the action by or against the
> decedent must be dismissed.

Here, Plaintiffs have been on notice of Barkat's death since November 22, 2023;

however, to date, Plaintiffs have not filed a motion for substitution.  Because

Plaintiffs have failed to move for substitution as to Defendant Barkat within the

deadline dictated by the Federal Rules of Civil Procedure, Defendant Barkat must

be dismissed.

Next, the Court addresses Defendant the Estate of Firoz.  In the Amended

Complaint, Plaintiffs name as a defendant the "Estate of Firoz E. Charania," but

Plaintiffs fail to name the administrator of the estate.  Indeed, Plaintiffs allege that,

with respect to the Estate of Firoz, "[t]he probate proceeding is ongoing."  [Doc.

41, p.6].  Under Georgia law,[8] a lawsuit cannot be properly brought against the

estate of a decedent.  See Est. of Norton v. Hinds, 354 S.E.2d 663, 664 (Ga. Ct.

App. 1987).  Instead, a plaintiff must bring a lawsuit against the personal

representative or administrator of the estate; otherwise, the suit is a mere nullity.

See id. (finding that jurisdiction was lacking and that the case proceedings were

thus null and void where the plaintiff named the estate of a decedent as a defendant

but failed to name a personal representative).  Because the Estate of Firoz is not a

---

[8] "An estate's capacity to be sued is determined 'by the law of the state where the court is located.'" United States v. Estate of Schoenfeld, 344 F. Supp. 3d 1354, 1367 (citing Glickstein v. Sun Bank/Miami, N.A., 922 F.2d 666, 671 (11th Cir. 1991), abrogated on other grounds by Saxton v. ACF Indus., Inc., 254 F.3d 959, 963 (11th Cir. 2001)). Therefore, Georgia law controls in the instant analysis.

legal entity that can be sued under Georgia law, this Court finds that dismissal of all claims against the Estate of Firoz is warranted.

## CONCLUSION

For the foregoing reasons, Moving Defendants' Motions to Dismiss, [Doc. 44]; [Doc. 45], are **GRANTED**.  Plaintiffs' Amended Complaint is **HEREBY DISMISSED** with prejudice.  In light of the dismissal, Moving Defendants' Joint Motion to Strike [Doc. 55] and Plaintiffs' Motion for Reconsideration of Attorney Withdrawal Order [Doc. 63] are **DENIED** as moot.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 31st day of July, 2024.

J. P. BOULEE
United States District Judge